IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD ANDREW WHITE,

    Plaintiff,                                  No. 2:07-cv-1341 GEB JFM P

    vs.

C/O RASMUSSEN, et al.,

    Defendants.                            <u>ORDER</u>

         On August 30, 2007, this action was dismissed, and judgment was entered. On February 11, 2013, plaintiff filed a request for reconsideration.

<u>Standards For Motions To Reconsider</u>

         Although motions to reconsider are directed to the sound discretion of the court, <u>Frito-Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly

erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

Federal Rule of Civil Procedure 59(b) requires that "any motion for new trial shall be filed no later than 28 days after entry of the judgment." In this case, plaintiff's motion was filed over five years from the entry of the dismissal order and judgment. Plaintiff's motion must, therefore, be denied. Moreover, it appears plaintiff challenges rulings that were not made in the instant action. Plaintiff discusses the exhaustion of administrative remedies, and orders finding he is barred from proceeding in forma pauperis under 28 U.S.C. § 1915(g). (ECF No. 9.) In the instant action, the court did not address either of those issues; rather, plaintiff's case was dismissed because it was duplicative of plaintiff's complaint in Case No. 2:07-cv-1218 LKK GGH P. (ECF Nos. 5, 7.)

Plaintiff is cautioned that no further filings shall be made in this action and that failure to comply with this order may result in the imposition of monetary sanctions.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 11, 2013 motion for reconsideration (ECF no. 9) is denied; and

////

2.  Plaintiff shall file nothing further in this action.  Failure to comply with this order may result in the imposition of monetary sanctions.

Dated:  April 30, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge